# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-01-202-R |
| | ) | CIV-16-799-R |
| JIMMY EUGENE RHODES, | ) | |
| Defendant. | ) | |

## ORDER

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, having been granted authorization to file a second or successive motion by the United States Court of Appeals for the Tenth Circuit.[1] (Doc. Nos. 125, 126). Following the filing of the Government's response and Defendant's reply, on January 4, 2017, the Court entered an Order abating the proceedings pending the decision of the United States Supreme Court in *Beckles v. United States*. Doc. No. 134. On March 6, 2017, the Supreme Court issued its decision in *Beckles*, --- U.S. ---, --- S.Ct. ---, 2017 WL 855781 (2017). In light of the Supreme Court's decision in *Beckles*, Defendant's § 2255 motion is ripe for review. Having considered the parties' filings, the Court finds as follows.

On February 6, 2002, Defendant was charged in a five-count superseding indictment with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Counts 1 and 3), one count of simple possession of methamphetamine in violation

---

[1] The decision by the Tenth Circuit permitting Mr. Rhodes to file a second or successive petition was "an initial gate-keeping ruling." *Case v. Hatch*, 731 F.3d 1015, 1029 (10th Cir. 2013). This Court is still called upon to make a second gate-keeping ruling as to whether Defendant has met § 2244's jurisdictional requirements. *Id.*

of 18 U.S.C. § 844(a) (Count 2), one count of possession of stolen firearms in violation of 18 U.S.C. § 922(j) (Count 4), and one count of maintaining a dwelling used to manufacture methamphetamine in violation of 18 U.S.C. § 856(a)(1) (Count 5). A felon in possession normally faces a maximum penalty of ten years imprisonment under 18 U.S.C. § 924(a)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the Armed Career Criminal Act ("ACCA") mandates a fifteen-year minimum sentence. 18 U.S.C. § 924(e)(1). Here, the Court imposed sentences of 260 months imprisonment on Counts One and Three, as the result of the ACCA enhancement. Petitioner challenges this enhancement under *Johnson v. United States*, 135 S.Ct. 2551 (2015), wherein the Court invalidated a portion of the Act commonly referred to as the residual clause. Defendant also challenges his sentences on Counts 4 and 5 on the basis that similar residual clause language in the applicable United States Sentencing Guidelines increased his base level offense and therefore his sentence on each of those Counts. The United States' opposition to the instant motion asserts that Petitioner's four prior convictions for burglary in the second degree as well as a prior conviction for shooting with the intent to kill were sufficient to support both the statutory and guidelines enhancements without reference to the residual clause of either. After review of the parties' submissions, this Court concludes Petitioner is not entitled to relief pursuant to *Johnson* as to either the ACCA or the applicable provision of the United States Sentencing Guidelines.

The Armed Career Criminal Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use,

2

attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the residual clause of the Act was unconstitutionally vague. *Id.* at 2563 ("imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."). The Court noted, however, that its decision did not implicate the enumerated offenses of burglary, arson, extortion, or use of explosives, nor did it invalidate enhancement for those prior convictions for offenses that include "a threat or use of physical force against another person," known as the elements clause. *Id.* at 2563.

Although Mr. Rhodes contends this Court analyzed his prior state-court convictions for second-degree burglary under the residual clause, the record does not support his contention. The residual clause was not referenced in sentencing memorandums, in objections to the pre-sentence investigation report or at his sentencing hearing. As such, Petitioner has failed to establish that the Court relied on the residual clause. In his Reply (Doc. No. 132), Petitioner, citing U*nited States v. Mathis,* --- U.S. ---, argues that his burglary in the second degree convictions cannot be considered violent crimes, because *Mathis* renders the modified categorical approach inapplicable to this offense. As noted by Petitioner, the Supreme Court applied its long-standing precedents to explain application of the modified categorical approach when the statutory conduct encompasses conduct outside the scope of generic burglary. Although Petitioner's *Johnson* claims rely on *Mathis*

for their success, *Mathis* did not announce a new rule of constitutional law, and the Tenth Circuit has specifically held that it does not apply retroactively. *United States v. Taylor*, --- Fed.Appx. ---, 2016 WL 7093905 at *5 (10th Cir. Dec. 6, 2016). Because Petitioner provides no evidence that the Court relied on the residual clause in concluding that his prior convictions for burglary in the second degree were violent felonies, he is not entitled to relief under *Johnson*. Petitioner's authorization from the Tenth Circuit was limited to claims under *Johnson*, and Petitioner's attempt to rely on *Mathis* must fail.

In *United States v. Taylor*, 2016 WL 7093905 (10th Cir. Dec. 6, 2016), the Tenth Circuit denied a certificate of appealability to a prisoner seeking to challenge his sentencing enhancement under *Johnson*. Like Mr. Rhodes, Eric Taylor argued that his second-degree burglary convictions could not be used as predicate offenses under the Act. The district court concluded that the convictions qualified as "violent felonies" under the enumerated offenses clause. On appeal Taylor cited *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), arguing that under its analysis burglary in the second degree under Oklahoma law could not be an enumerated felony for ACCA purposes. Although the Court of Appeals agreed with the substance of Mr. Taylor's arguments, its ultimate conclusion on the issue guides this Court's resolution of the issues herein.

> But even if reasonable jurists would disagree with the district court's analysis applying the modified categorical approach, we still must address the issue of whether Mr. Taylor may rely on *Mathis* in this collateral proceeding. The district court entered its final judgment in Mr. Taylor's criminal case on December 28, 2001. Mr. Taylor had one year from that date to assert a habeas challenge to his sentence. 28 U.S.C. § 2255(f). Although it has been approximately fifteen years, Mr. Taylor filed the present case under § 2255(f)(3), which allows a prisoner to file a habeas application within one year of "the date on which the right asserted was initially recognized by the

4

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." We must therefore determine whether *Mathis* provides a new right made retroactive on collateral review.

*Id.* at *4. The court then considered whether *Mathis* provided a new rule, and noted the answer was provided by the Supreme Court. "Here, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. . . ." *Id.* at * 4. Because *Mathis* was not a new rule, it could not be used to avoid the statute of limitations period and his request for relief thereunder was untimely.

The Court finds no basis for distinguishing the instant case from *Taylor*. Defendant made no previous challenge to whether his convictions for second degree burglary could be considered enumerated felonies under the ACCA, and his challenge at this juncture is untimely given that *Mathis*, upon which he relies, did not announce a new rule of law. *See United States v. Byers*, CR-05-10-HE (W.D. Okla. April 6, 2017)(Doc. No. 69). Accordingly, Mr. Rhodes is not entitled to § 2255 relief on this basis.

Defendant also challenges the Court's decision to utilize these prior convictions to support a higher base level offense under two provisions of the United States Sentencing Guidelines, specifically § 4B1.1 and § 2K2.1 based on prior violent felonies. Although this case was stayed pending the outcome of the Supreme Court's decision in *Beckles*, that case is not directly applicable, because it addressed advisory sentencing guidelines, and Mr. Rhodes was sentenced before the Supreme

5

Courts declared the guidelines advisory, not mandatory, in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, regardless of whether *Beckles* applies to mandatory sentencing guidelines, for the same reasons Defendant is not entitled to relief on his contention that his ACCA sentence was unconstitutional, he is not entitled to relief on his challenge to the Court's application of the Sentencing Guidelines to his case. That is, his contention that burglary in the second degree cannot qualify as an enumerated felony is untimely.

For the reasons set forth herein, the Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED. The Court further denies Petitioner a Certificate of Appealability for the reasons set forth in *Taylor*.

IT IS SO ORDERED this 18th day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE